UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

MACK BORING & PARTS COMPANY

          Plaintiff,

v.

NOVIS MARINE, LTD

          Defendant

Civil Action No. 06-2692 (HAA)

**OPINION**

**SALAS, United States Magistrate Judge:**

Plaintiff Mack Boring & Parts Company ("Mack Boring") filed a motion to compel discovery against Novis Marine, Ltd. ("Novis"). Specifically, Mack Boring seeks information related to what it alleges to be a fraudulent sale of assets by Novis to a third party private equity group. In essence, Mack Boring seeks discovery to ascertain whether Novis will be available to satisfy a judgment that it has obtained against it. For the reasons set forth below, Mack Boring's motion is ***denied***.

## I. Background

The facts are largely taken from the summary judgment opinion rendered by Judge Ackerman in this case. *Mack Boring & Parts Co. v. Novis Marine, LTD*, No. 06-2692, 2008 WL 4371769 (D.N.J. Sept. 18, 2008). Mack Boring is a distributor of boat parts, including Yanmar saildrives. Novis, which manufactures and sells boats and yachts, made purchases from Mack Boring totaling $138,202.89 between November of 2005 and March of 2006. Novis never paid. On April 4, 2006, Mack Boring sent Novis a letter demanding payment. Two days later, Novis

responded, alerting Mack Boring to customer complaints concerning the Yanmar saildrives and requesting its assistance in resolving the matter.

On May 10, 2006, Mack Boring filed the instant complaint in New Jersey Superior Court alleging breach of contract, unjust enrichment, and breach of the implied covenant of good faith, based on Novis's failure to pay. Novis removed the action to this Court and asserted four counterclaims, in essence, alleging that Mack Boring breached the contract by selling to Novis defective saildrives.

On September 18, 2008, Judge Ackerman granted Mack Boring's motion for summary judgment as to the breach of contract claim. Thereafter, Novis moved to withdraw its counterclaims and Judge Ackerman granted that motion. That decision is now the subject of a pending motion for reconsideration filed by Mack Boring. As it stands now, two of Mack Boring's claims are still live and final judgment has not been entered. Bearing that in mind, this Court now considers Mack Boring's motion.

## II. DISCUSSION

Fed. R. Civ. P. 26(b)(1) provides that

> Parties may obtain discovery regarding any matter, not privileged, *which is relevant* to the subject matter involved in the pending action, whether it relates *to the claim or defense* of the party seeking discovery or to the claim or defense of any other party...

(emphases added). "It is well recognized that the federal rules allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999). The scope of discovery, however, is not boundless. "Although the scope of discovery under the Federal Rules is broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188,

2

191 (3d Cir.1999). "Discovery should be tailored to the issues involved in the particular case." *Robbins v. Camden City Bd. Of Educ.*, 105 F.R.D. 49, 55 (D.N.J. 1985).

Discovery is, thus, circumscribed by a relevance inquiry. The key question in this case is whether or not a party's ability to satisfy a judgment is relevant to the moving party's claims that sound in unjust enrichment and breach of the implied covenant of good faith. Relying on the plain language of the Rule and the caselaw, this Court holds that the propounded discovery is not relevant.

A number of courts have considered this issue and have rejected the moving party's attempts to compel. Most explicitly, the court in *Lane v. Capital Acquisitions*, 242 F.R.D. 667 (S.D. Fla. 2005) rejected a litigant's attempt to compel discovery in circumstances similar to the case at bar. *Lane* was a Fair Labor Standards Act and race discrimination case in which the plaintiffs claimed that they were owed wages for working overtime and that they were eventually terminated after complaining about discrimination. Plaintiffs there moved to compel the defendants to produce their financial records "to determine whether any judgment in this case is recoverable, and to what extent from whom." *Id.* at 669.

The court rejected the discovery request out of hand. "With respect to the FLSA claim, Defendants' financial ability to settle this action or satisfy a judgment is not relevant to the issue of whether Defendants improperly failed to pay Plaintiffs for overtime hours." *Id.* The court grounded its holding in the plain text of Rule 26(b)(2). So, too, does this Court: Mack Boring's pending unjust enrichment and breach of the implied covenant claims are wholly unrelated to Novis's ability to satisfy a judgment against it. The propounded discovery is simply not relevant to the issues presented in this case.

Indeed, the law is virtually uniform on this point.  *See, e.g.*, *Ranney-Brown Distributors, Inc. v. E.T. Barwick Indus., Inc.*, 75 F.R.D. 3, 4 (S.D. Ohio 1977) ("[o]rdinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence"); *Bogosian v. Gulf Oil Corp.*, 337 F. Supp. 1228, 1230 (E.D. Pa. 1971) (finding that inquiries into a party's net worth and its ability to satisfy a judgment "are not proper since they are not relevant to the subject matter of the lawsuit"); *McCurdy v. Wedgewood Capital Mgmt. Co., Inc.*, No. 97-4304, 1998 WL 964185, at *10 (E.D. Pa. Nov. 16, 1998)

The fact that Mack Boring cannot obtain pre-final judgment discovery pertaining to Novis's ability to satisfy its judgment does not mean it is without recourse.  Indeed, Mack Boring as judgment creditor may obtain discovery "in order that [it] may find out what assets exist or have been fraudulently transferred.  In addition, [it] may use the discovery mechanisms provided under state practice." *Ranney-Brown*, 75 F.R.D. at 5 (citing Fed. R. Civ. P. 69).  As a legal (if technical) matter, Mack Boring must wait until final judgment is entered to seek the discovery it wishes.

Finally, a survey of the caselaw that could arguably support Mack Boring's position demonstrates that courts only grant this type of discovery in unique situations.  In *EEOC v. Ian Schrager Hotels, Inc.*, No. 99-0987, 2000 U.S. Dist. LEXIS 21501 (C.D. Cal. Mar. 9, 2000), the court wrote that financial information from the defendant was discoverable but did so only in the context of where punitive damages were sought, where courts have sensibly held that this type of information is relevant as it bears directly on the relief a party seeks in the case.  *See, e.g.*, *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1998).

Nor is *Signal Capital Corp. v. Frank*, 164 F.R.D. 7 (S.D.N.Y. 1995) to the contrary. There, the court affirmed a magistrate judge's ruling that allowed limited discovery into the financial information of certain defendants. The court explicitly agreed with the longstanding principle "that discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of a pending claim . . ." *Id.* at 10. Nonetheless, the court found that plaintiff's claims of personal enrichment (and the discovery it sought thereto) were intertwined with their claims of financial mismanagement and granted limited discovery. "[T]here is very little about this case which is ordinary," the magistrate judge wrote. *Id.* The district court, in affirming, did so on the basis of the "extraordinary circumstances" of the case. *Id.* at 9. *Signal* is thus distinguishable because the court found that, in fact, the discovery sought was related to a claim in the case, and the fact that the circumstances of the case were extraordinary.[1]

In the instant case, there is no such specialty, as this is a garden variety breach of contract action. While Mack Boring is adamant about its contention that Novis has fraudulently shifted its assets, its protestations do not convince this Court to upset the longstanding, settled doctrine on this issue.

---

[1] *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325 (S.D.N.Y. 2005) and *Andrews v. Holloway*, No. 95-1047, 1995 U.S.Dist. LEXIS 22121(D.N.J. Nov. 9, 1995), are also both distinguishable. In *Ayyash*, the court permitted expedited discovery in a case involving fraud and embezzlement. Not only did the propounded discovery directly relate to the claims at issue, which itself is enough to distinguish it, but the plaintiff there made a "strong evidentiary showing of the substantiality of his claims." *Ayyash*, 233 F.R.D. at 327. Finally, *Andrews* is inapposite because there the plaintiff sought a preliminary injunction to restrain the defendants' assets during the pendency of the litigation. There was no pre-judgment discovery issue in *Andrews*; rather, the cause of action *itself* was to enjoin defendants from transferring assets. Once again, the Court notes that this is a breach of contract action where the claims do not lend themselves to permitting discovery about events which are entirely unrelated to said claims.

5

## III.   CONCLUSION

For the foregoing reasons, Mack Boring's motion to compel discovery is denied.

*s/Esther Salas*
**Esther Salas, U.S.M.J**
